UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:12-cr-00085-jgm-1 |
| | : | |
| ROYAN WINT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER ON MOTION FOR RECONSIDERATION
(Docs. 152, 153)

I.  Introduction

On June 25, 2014, a jury found Defendant Royan Wint guilty of both counts in the Superseding Indictment. (Doc. 111.) Wint subsequently moved for acquittal or, in the alternative, a new trial based on alleged ineffective assistance of counsel. (Docs. 116, 139.) The Court denied those motions. (Doc. 147.) Wint now moves, pro se, for reconsideration of the Court's Order denying his motions for acquittal or a new trial. (Docs. 152, 153, 156.[1]) Because Wint submits his motion pro se, the Court reads it "liberally and interpret[s] [it] to raise the strongest arguments that [it] suggest[s]." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotations and citation omitted). Even so, the Motion for Reconsideration is DENIED.

II. Discussion

  A.  Standard of Review

The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked: "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is

---

[1] Wint's motion has spread out over multiple docket entries as he has supplemented it.

seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. Id.

      B.      Sufficiency of Evidence at Trial

Wint again argues the evidence presented at trial was insufficient to support his conviction. (Doc. 153-1, at 1.) First, he argues the evidence did not show he had an agreement with Felicia Young to distribute drugs. He cites a summary of a police interview in which Young does not state she sold drugs with him.[2] (Doc. 153-1, at 2.) This interview transcript is not new evidence and the does not give the Court cause to reconsider its ruling.

Second, Wint argues he neither "physically nor directly" possessed the drugs at issue. The police seized the drugs from Young's purse. At trial, however, Trooper Alberico testified Wint admitted these drugs belonged to him. (Doc. 132, at 104-05.) The jury could reasonably credit that testimony, and Wint presents no new facts to give the Court cause to reconsider its ruling.

Third, Wint argues the testimony of witnesses at trial was insufficient to convict him because the witnesses perjured themselves or admitted to poor memories. (Doc. 153-1, at 10; Doc. 156.) Poole testified she was recanting a previous story (Doc. 132, at 174, 186) and other witnesses testified to their drug use at the time of the relevant events or to having poor memories. See Doc. 132, at 185 (Poole testifies to drug use); Doc. 133, at 24-26 (Marybeth Barrett admits inconsistent testimony); Doc. 133, at 36 (Barrett admits to bad memory due to drug use); Doc. 133, at 110 (Young testifies to her bad memory); Doc. 133, at 114-16 (Young admits her testimony contradicts her initial statements to police). Wint cites United States v. Wallach, 935 F.2d 445 (1991), and

---

      [2] At trial, Young testified Wint gave her oxycodone to sell (Doc. 133, at 60-62, 84), and that she accompanied Wint when he bought and sold cocaine and cocaine base (Id. at 67). Furthermore, Vermont State Police Troopers Henry Alberico and Casey Daniell testified Wint had confessed he had agreed with others to distribute controlled substances. See Doc. 132, at 104; Doc. 133, at 171-74. The jury could credit that testimony and find Wint made an agreement to distribute drugs.

Sanders v. Sullivan, 863 F.2d 218 (2d Cir. 1988), among other cases, for the proposition that a court should vacate a conviction when a key government witness committed perjury.  Wint's case differs from Wallach and Sullivan, however, because he presents no new evidence that a witness committed perjury at trial.  Compare United States v. Delarosa, No. 1:09-cr-64, 2012 WL 3778855, at *15 (D. Vt. Aug. 30, 2012) (denying a new trial when there was "only an allegation, not evidence, that . . . witnesses perjured themselves at trial"), aff'd 548 F. App'x 717 (2d Cir. 2013), with Wallach, 935 F.2d at 458-59 (new trial required when, following trial, a key witness was convicted of perjury based on his trial testimony); Sanders, 863 F.2d at 222 (due process violation occurred if key witness later recants testimony).  Wint presents no new evidence that any witness committed perjury at trial.  Here, the jury was aware of inconsistencies between certain witnesses' trial testimony and previous statements to law enforcement, and could assess witness credibility accordingly.

Fourth, Wint argues the Court erred "in allowing a guilty verdict after 'denying' the [jury's request] for additional key pieces of evidence."  Doc. 156, at 3 (punctuation in original); see also Doc 153-1, at 13.  Wint refers to the jury's request to review Trooper Daniell's report on his interview with Wint, the transcript of a police interview with Young, and a transcript of Young's testimony.  (Doc. 134, at 95.)  As the Court informed the jury, Trooper Daniell's report and the transcript of the police interview with Young were not in evidence.  (Id. at 97-98.)  The Court instructed the jury the court reporter could read back Young's testimony if they wished.  (Id.)  There was no error.  Wint also asserts the Government "should have been '*BARRED*' from referring to evidence that was either destroyed, not available and/or did **'not'** existed [sic]."  Doc. 153-1, at 13 (emphasis in original).  Contrary to Wint's suggestion, the Government properly presented witness testimony.

Fifth, Wint argues the Government failed to prove he confessed to Troopers Alberico and

Daniell because it did not produce a video or audio recording of the interview. (Doc. 153-1, at 11.) Troopers Alberico and Daniell testified no recording was ever made. (Doc. 132, at 112-13, 116-17; Doc. 133, at 176.) The jury heard the testimony of Troopers Alberico and Daniell regarding Wint's confession, and they could credit that testimony. Wint presents no new contradictory facts.

    C.        Defective Indictment

Wint also argues the Indictment was defective because it states Wint entered into the conspiracy "in or about January 2012." (Doc. 153-1, at 3.) Wint claims he did not meet Young until February 2012 and therefore could not have conspired with her in January 2012. Even if Wint did not meet Young until February, the phrase "in or about," however, allows for a conspiracy beginning in February. Wint also claims he never knew Mason Ingraham and Shauna Poole, and therefore could not have conspired with them. Poole's testimony at trial, however, indicated Wint sold Ingraham and Poole drugs.[3] (Doc. 132, at 162.)

    D.        Sixth Amendment Right

Wint argues the admission of testimony concerning Mason Ingraham violated his Sixth Amendment Right to confront witnesses against him. (Doc. 156; Doc. 153-1, at 10.) He reasons that because statements made in the course of Ingraham's arrest gave police probable cause to search Wint's home, he was entitled to confront and cross-examine Ingraham at trial. (Doc. 156, at 2.) The prosecution, however, did not rely on any statement by Ingraham, but relied instead on the testimony of Shauna Poole, who was arrested alongside Ingraham. Wint had the opportunity to

---

[3] Wint attaches several affidavits, see Doc. 153, including a signed statement by Ingraham he claims to be false. (Doc. 153-1, at 18.) This statement was not introduced at trial and is irrelevant to Wint's conviction. Other attached affidavits include an affidavit of Trooper Wayne Godfrey recording Wint's arrest, an apologetic letter to Wint from an individual who testified against him, and a Bennington County Law Enforcement Discovery Form indicating Young gave a recorded statement. None of these documents present new, material data. Schrader, 70 F.3d at 257.

cross-examine Poole. (Doc. 132, at 180-87.) Compare Crawford v. Washington, 541 U.S. 36, 68 (2004) (Sixth Amendment violation when the court admitted non-witness' testimonial statement).

  E. Fifth Amendment Right

Wint argues "he was threatened, intimidated, pressured and coerced" into confessing to Troopers Alberico and Daniell. The Court construes this as a claim Wint's Fifth Amendment due process rights were violated. See Miranda v. Arizona, 384 U.S. 436 (1966). The Court has already considered and rejected this argument in its Ruling on the motion to suppress, and Wint provides no new law or facts to support his argument. (Doc. 80, at 10-15.)

  F. Ineffective Assistance of Counsel

Wint again argues his counsel was ineffective by failing to subpoena Marissa Chen and Megan Oxendine to testify the approximately $12,000 in small bills found in his closet originated from them rather than from drug sales. (Doc. 153-1, at 8.) Wint also asserts the Court erred "in not allowing the Defendant to testify on his third day of trial." (Doc. 156, at 3.) The Court has previously considered and rejected these arguments. (Doc. 147, at 9, 11.)

III. Conclusion

  Based on the foregoing, Wint's motions for reconsideration (Docs. 152, 153) are DENIED.

  SO ORDERED.

  Dated at Brattleboro, in the District of Vermont, this 29th day of July, 2015.

            /s/ J. Garvan Murtha
            Honorable J. Garvan Murtha
            United States District Judge